**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

FLEXTRONICS MEDICAL SALES AND MARKETING, LTD., et al.,

Plaintiffs,

-vs-

LIFELINE SYSTEMS COMPANY.

Defendant.

CASE NO. 24-cv-01386

JUDGE LORNA G. SCHOFIELD

**~~[PROPOSED]~~ STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

WHEREAS, all the parties to this action (collectively, the "Parties," and individually, a "Party") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. All Confidential Information (defined below) produced or disclosed in the above captioned action (the "Action") shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action and shall not be used for any other purpose.

2. When used in this Order, the term:

a. "**Confidential Information**" shall mean all documents and testimony, and all information contained therein, containing:

i. private or confidential personal or business and financial information; or

ii. information subject to confidentiality obligations owed to third parties; or

iii. confidential, non-public personal information that is protected from disclosure by statute, regulation or otherwise.

b. "**Highly Confidential – Attorneys' Eyes Only Information**" shall mean extremely sensitive "Confidential Information" that the Producing Party believes in good faith is of such a sensitive or secret nature that disclosure of such information to any other Party or non-party reasonably poses the risk of competitive injury, including trade secrets or other competitively sensitive confidential research, development, financial, proprietary, or confidential business information.

c. "**Disclosing Party**" shall refer to any party to this Action and any non-party disclosing or producing Confidential Information in connection with this Action.

d. "**Discovery Material**" shall refer to all items or information that are produced or generated in disclosures or responses to discovery in this Action, regardless of the medium or manner in which it was stored, generated, or maintained.

e. "**Protected Material**" shall mean any Documents and Testimony that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

f. "**Receiving Party**" shall refer to any party to this Action and its employees, officers, agents, and directors who receive Confidential Information governed by this Order.

g. The definitions contained in the Southern District of New York's Local Civil Rule 26.3 are incorporated herein.

3. The parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery or in the course of making initial or supplemental disclosures under Federal Rule of Civil Procedure 26(a). A Disclosing Party's designation of Discovery Material as Confidential Information constitutes a representation that such Discovery Material has been reviewed on an individual basis by counsel and that there is a good faith basis for such designation that satisfies the criteria set forth in this Order.

4. Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a Receiving Party may disclose Confidential Information only to:

a. counsel of record in this Action, as well as counsel's employees to whom it is reasonably necessary to disclose the information in connection with this Action;

b. in-house counsel, as well as their immediate paralegals and staff;

c. officers, directors, employees of the Receiving Party to whom it is reasonably necessary to disclose the information in connection with this Action;

d. any consultants, experts, or investigators, retained by counsel for a party in this Action, provided that such consultant, expert, or investigator: (i) is not currently or anticipated at the time of retention to become an officer, director, or employee of a Party or of a Party's competitor and (ii) agrees to be bound by the provisions of this Order by signing a copy Exhibit A;

e. outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, litigation support services, and translators engaged by the parties during this Action to whom disclosure is reasonably necessary for this Action;

f. the Court, any court to which a party petitions for discovery of a non- party, any appellate court, and necessary court personnel;

g. court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action subject to this Protective Order; and

h. any mediator engaged by the named parties in connection with this Action.

5. Except with the prior consent of the producing party or by Order of the Court, "Highly Confidential – Attorneys' Eyes Only Information" shall not be furnished, shown, or disclosed to any person or entity except to:

a. counsel of record for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

b. consultants, experts, or investigators, retained by counsel for a party in this Action, provided that such consultant, expert, or investigator: (i) is not currently or anticipated at the time of retention to become an officer, director, or employee of a Party or of a Party's competitor and (ii) agrees to be bound by the provisions of this Order by signing a copy Exhibit A;

c. the Court and court personnel;

d. a mediator; and

e. any other person agreed to by the Producing Party.

6. Counsel of record for the Receiving Party must retain each original executed completed agreement attached hereto as Exhibit A and must provide copies to the counsel of record for all other parties (i) when a written request is made by another party based on reasonable need, and (ii) after the termination of this action.

7. Designation of documents or other material as containing Confidential Information or "Highly Confidential – Attorneys' Eyes Only Information" as set forth in this Order may be made at or prior to the time of production of documents by stamping or otherwise affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' ONLY" on each page deemed Confidential in a manner that does not interfere with the legibility of the document. When Confidential Information or Highly Confidential – Attorneys' Eyes Only Information is disclosed in a form not appropriate for such placing or affixing, such Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall be designated in writing at the time it is delivered to the Receiving Party.

8. A Disclosing Party may designate as Confidential or Highly Confidential – Attorneys' Eyes Only any portion of a transcript from a deposition or a transcript from other pretrial or trial proceedings deemed to contain such material ("**Confidential Testimony**"). To so designate, the Party may advise the court reporter and counsel of record at the beginning or end of the deposition, on the record, that the testimony contains or is anticipated to contain Confidential Information. Alternatively, the Disclosing Party can designate testimony as Confidential Testimony after the deposition has concluded by written communication, letter or email, to the other party no later than thirty (30) calendar days after receipt from the court reporter of the final deposition transcript. During such 30-day period, the parties shall treat the entire transcript as

Confidential. In the event the designation of Confidential Testimony is made during the deposition, the reporter shall mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the face of the transcript at the beginning and end of any portions of Confidential Testimony. Transcripts containing Confidential Testimony shall have an obvious legend on the title page that the transcript contains Confidential Information and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential. In the event the designation of Confidential Testimony is made after the deposition has concluded, the parties shall manually mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the face of the transcript at the beginning and end of any portions of Confidential Testimony. The failure to timely designate deposition testimony as Confidential Testimony waives any such designation unless otherwise ordered by the Court or agreed in writing by all parties. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9. Any person or entity in possession of any Protected Material shall maintain those materials in a reasonably secure manner and shall not reveal or discuss such information in any manner, either directly or indirectly, to any person or entity other than outside counsel, directors, or employees, any expert consultants, expert investigators, and/or expert witnesses identified in Paragraphs 4 and 5, and who have signed the agreement attached hereto as Exhibit A.

10. Nothing in this Order shall be construed as limiting a Disclosing Party's use of its own Confidential Information.

11. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the

Receiving Party must immediately (a) notify in writing the Disclosing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Agreement that is attached hereto as Exhibit A.

12. If a Receiving Party is served with a subpoena or a motion seeking a court order issued in another litigation or an investigation to compel disclosure of any Protected Material, that Receiving Party must: (a) promptly notify in writing the Disclosing Party and provide it with a copy of the subpoena or motion and all accompanying information; (b) promptly notify in writing the individual or entity who caused the subpoena to issue or filed the motion in the other litigation or investigation and provide it with a copy of this Order; and (c) cooperate with respect to all reasonable procedures pursued by the Disclosing Party whose Protected Material may be affected.

a. The Disclosing Party must notify the Receiving Party within seven (7) calendar days of receiving the subpoena or motion and all related information if it intends to seek a protective order from the Court to avoid disclosure of the Protected Material. During this seven (7)-day period, the Receiving Party shall not produce any Protected Material.

b. If the Disclosing Party seeks a protective order, the Receiving Party served with the subpoena or motion shall not produce any Protected Material before a determination by the Court from which the subpoena issued or motion is filed, unless the Disclosing Party consents to production in writing.

c. The Disclosing Party shall bear the burden and expense of seeking protection of its Protected Material in the Court that issued the subpoena or in which the

motion is pending. Disclosing Party shall timely seek a protective order from the Court.

d. If the Disclosing Party fails to either object or seek a protective order from the Court within fourteen (14) calendar days of receiving the subpoena and motion and all related information, the Receiving Party may produce the Protected Material requested.

e. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

13. Inadvertent failure to designate materials as Protected Material at the time of production may be remedied by supplemental written notice by the Disclosing Party. The Disclosing Party must notify the Receiving Party within a reasonable time after discovering that it inadvertently failed to designate the information as Confidential or Highly Confidential – Attorneys' Eyes Only. If such notice is given, all documents, materials, or testimony so designated shall be subject to this Order as if they had been initially designated as Protected Material to the extent that such documents, materials, or testimony fall within the relevant definition of Protected Material and the Receiving Party shall notify any non- party to whom disclosure was made about the confidentiality designation. The foregoing provision shall not apply to any documents that have already otherwise become publicly available.

14. Except when a party intentionally waives attorney-client privilege or work product protection by disclosing such information to an adverse party as provided in Federal Rule of Evidence 502(a), the disclosure of attorney-client privileged or work product protected information does not constitute a waiver in this proceeding, or in any other federal or state proceeding. When a Disclosing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a

claim of privilege or other protection from disclosure, the obligations of the Receiving Party are those set forth in FRCP 26(b)(5)(B) and Federal Rule of Evidence 502.

a. In the event of an inadvertently produced privileged document(s), the parties to this Order agree to the following procedure:

i. the Disclosing Party shall promptly notify the Receiving Party of the inadvertently produced privileged document(s); and

ii. the Receiving Party in possession of the inadvertently produced privileged document(s) shall immediately return the inadvertently produced privileged document(s) and destroy all copies of the inadvertently produced privileged document(s).

b. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document(s) is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the Court for an order that such document(s) has been improperly designated or should be produced.

c. If a party moves the Court for an order that such document(s) has been improperly designated or should be produced, the document(s) shall be filed under seal for in camera review by the Court.

d. The Disclosing Party may move the Court for an Order requiring the Receiving Party to confirm that the inadvertently produced privileged document(s) and all copies have been returned and/or destroyed.

15. No party shall be obligated to challenge the propriety of a designation of Protected Material when initially received, and a failure to do so shall not preclude a subsequent challenge

thereto. If, at any time, a party objects to a designation of Protected Material under this Order, the objecting party shall notify the Disclosing Party in writing specifying with particularity the documents it contends should be differently designated and the grounds for the objection. Within seven (7) calendar days of receipt of such notification, counsel for the Disclosing Party and the objecting party shall meet and confer in a good faith effort to resolve any disagreement regarding the Disclosing Party's designation of the Protected Material. If, for whatever reason, the parties do not resolve their disagreement within that time period, the parties shall submit their dispute to the Court for resolution in accordance with the procedures set forth below. The documents subject to that application will be treated as Protected Material until the Court rules. Nothing in this Order shall be construed as preventing any party from objecting to the designation of any documents as Protected Material or preventing any party from seeking further protection for any material it produces in discovery. Disputes regarding the propriety of a designation of particular Protected Material shall be submitted to the Court for resolution as follows:

a. Within seven (7) calendar days after the meet and confer, or by such other deadline as may be agreed in writing by the Disclosing Party, the party objecting to the claim of confidentiality shall provide counsel for the Disclosing Party with a draft of a joint letter to the Court which sets forth the objecting party's position regarding the dispute.

b. Within seven (7) calendar days after receipt of that draft letter, or by such other deadlines as may be agreed to in writing by the objecting party, the Disclosing Party shall provide counsel for the objecting party with an insert for that letter in electronic format which sets forth the Disclosing Party's position.

c. If the Disclosing Party fails to provide the insert within the time period prescribed in this paragraph, the designation of Protected Material designations shall be deemed lifted.

d. The letter will then be provided to the Court so that it may rule on the challenge to the confidentiality designation.

Nothing herein shall be deemed to change the burdens of proof established by applicable law.

16. Pursuant to Judge Schofield's Individual Rules, documents may be filed under seal only as provided in Rule I.D.3. If only portions of a document contain Protected Material, the party filing the document shall submit to the Court a redacted copy of the same, in accordance with the Court's rules. Notwithstanding other provisions in this Order, a refusal by the Court to permit a Receiving Party to file Discovery Material designated Protected Material under seal or with appropriate redactions does not render the Receiving Party in breach of this Order or obligate the Receiving Party to withdraw the Discovery Materials at issue or associated filed documents.

17. Within sixty (60) calendar days after the final disposition of this Action, including any appeals, each Receiving Party must either return all Protected Material to the Disclosing Party or destroy such material, including all copies, abstracts, compilations, summaries, and any other form in which the Protected Material may have been reproduced or captured, at the Receiving Party's election. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Disclosing Party by the 60-day deadline that (a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel for the Receiving Party may retain an archival copy of all

pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

18. Any non-party's production of Protected Material in this Action is covered by the terms of this Order. Non-parties shall be served a copy of this Order with any subpoena.

19. If a Disclosing Party produces two or more identical copies of a document of which at least one copy is designated as Protected Material and at least one copy is not so designated, once such a discrepancy is discovered, all copies of the document shall be treated with the greatest amount of protection so designated. If a Receiving Party identifies such a discrepancy, it shall promptly notify the Disclosing Party. Once the Disclosing Party identifies or becomes aware of the discrepancy, it shall promptly notify all other parties to the Action.

20. This Order shall not prejudice in any way the rights of any party to introduce as evidence at trial any document, testimony, or other evidence subject to this Order that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order. A party that intends to present or that anticipates that another party may present Protected Material at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Protected Material. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. If that Protected Material is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Disclosing Party applies for and obtains an order from the Court specifically maintaining the

confidential status of particular material. Before any court proceeding in which Protected Material is to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Protected Material.

21. Nothing in this Order or any designation of confidentiality hereunder, or any failure to make or challenge such designation, shall be used or characterized by any party as an admission by a party or a party opponent.

22. The parties agree that a designation of information as Protected Material is not intended to be and shall not be construed as an admission that the Protected Material is relevant to a party's claims or defenses, nor subject to an applicable privilege or protection from disclosure.

23. The treatment accorded under this Order shall survive the termination of this Action.

24. This Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other parties to modify this Order, subject to the Court's approval.

25. Nothing in this Order shall be construed to prevent counsel from advising their clients with respect to this Action based in whole or in part upon Protected Material, provided counsel does not disclose such material itself except as provided in this Order.

26. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

SO ORDERED.

Dated: May 14, 2024
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

SO STIPULATED AND AGREED:

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP**

/s/*Gregory J. Phillips*
Gregory J. Phillips (Admitted *Pro Hac Vice*)
Deana S. Stein (DS5047)
John Breig (Admitted *Pro Hac Vice*)
Alayna K. Bridgett (Admitted *Pro Hac Vice*)
127 Public Square, Suite 4900
Cleveland, OH 44114
(216) 363-4500
dstein@beneschlaw.com
gphillips@beneschlaw.com
jbreig@beneschlaw.com
abridgett@beneschlaw.com
*Counsel for Plaintiffs Flextronics Medical Sales and Marketing, Ltd., Flextronics International Europe BV, and Flextronics Logistics, USA, Inc.*

**COHEN & GRESSER**

*/s/ Patrick L. Rawsthorne (per consent)*
Daniel H. Tabak
Daniel Joiner
800 Third Avenue
New York, NY 10022
(212) 957-7600
dtabak@cohengresser.com
djoiner@cohengresser.com

**HONIGMAN LLP**

Nick Gorga (MI P72297) (Admitted *Pro Hac Vice*)
Jeremy D. Lockhart (MI P76500) (Admitted *Pro Hac Vice*)
Patrick L. Rawsthorne (MI P81676) (Admitted *Pro Hac Vice*)
Jalen R. Farmer (MI P86859) (Admitted *Pro Hac Vice*)
660 Woodward Ave. Ste. 2290
Detroit, MI 48226
(313) 465-7000
ngorga@honigman.com
jlockhart@honigman.com
prawsthorne@honigman.com
jfarmer@honigman.com

*Counsel for Defendant Lifeline Systems Company*

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| FLEXTRONICS MEDICAL SALES AND MARKETING, LTD., et al. | ) | CASE NO. 24-cv-01386 |
| | ) | JUDGE LORNA G. SCHOFIELD |
| Plaintiffs, | ) | |
| -vs- | ) | NON-DISCLOSURE AGREEMENT |
| LIFELINE SYSTEMS COMPANY. | ) | |
| Defendant. | ) | |

I,__________________________________, acknowledge that I have read and understand the Protective Order ("Order") in *Flextronics Medical Sales and Marketing, Ltd., et al. v. Lifeline Systems Company*, Case No. 24-cv-01386-LGS. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order. By executing this Non-Disclosure Agreement I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated: ______________________

Signed: ______________________________

Name: ______________________________

Company: ____________________________

Title: ________________________________